# UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA TAMPA DIVISION

THOMAS APPLEGATE,
     Plaintiff,


vs.                             Case: 8:17-CV-02036-CEH-MAP



OCWEN LOAN SERVICING, LLC,
     Defendant.
_____/


## THE PLAINTIFF'S RESPONSE TO THE DEFENDANT'S MOTION TO APPROVE AND ENFORCE SETTLEMENT AGREEMENT

Notice is hereby respectfully given that John P. Fleck, Jr., Esquire attorney for the plaintiff Mr. Thomas Applegate respectfully files this plaintiff's response to the defendant's motion to approve and enforce settlement agreement and states the following:


1.     There are multiple factual and legal reasons why the defendant's motion to approve and enforce settlement agreement was without merit and should not be granted.


2.     The defendant's motion to approve and enforce settlement agreement must be denied as being without a sufficient factual and/or legal basis.


3.     The defendant's motion to approve and enforce settlement agreement in part on page 2 alleged, "On May 3, 2018, the Parties reached a settlement in principle as to this matter (the "Federal Lawsuit") and a related state court foreclosure action, captioned

1

as Deutsche Bank National Trust Company, as Trustee for Ameriquest MTG Securities, Inc., Asset-Backed Pass-Through Certificates, Series 2003-13 v. Thomas Applegate, et al., 2017-CA-3504, 12th Judicial Circuit, in and for Manatee County Florida (the "Foreclosure Lawsuit") following significant negotiations that took place via telephone and email over the course of seven (7) months."

3.    The defendant in the instant federal court case is/was not the same plaintiff as alleged in the Manatee County, Florida mortgage foreclosure court case, Manatee County case 2017 CA 3504. Therefore, there is/was not the same identity of the parties in the instant federal court case and the state mortgage foreclosure court case.

4.    Attorney John P. Fleck, Jr. of Bradenton, Florida was the attorney of record since 09/05/2017 for Mr. Thomas Applegate in the Manatee County, Florida mortgage foreclosure court case, Manatee County case 2017 CA 3504.

5.    Attorney Jon P. Dubbeld of St. Petersburg, Florida was never the attorney of record for Mr. Thomas Applegate in the Manatee County, Florida mortgage foreclosure case, case 2017 CA 3504.

6.    Attorney Jon P. Dubbeld of St. Petersburg, Florida engaged in what appeared to his client Mr. Thomas Applegate to be financial self-dealing in trying to settle the case for Mr. Dubbeld's financial benefit to the detriment of his client Mr. Thomas Applegate.

7.    Never once prior to June 29, 2018 did Attorney Jon P. Dubbeld of St. Petersburg, Florida contact Attorney John P. Fleck, Jr. of Bradenton, Florida to discuss the Manatee County mortgage foreclosure case, 2017 CA 3504.

8.     Never once prior to June 29, 2018 did Attorney Jon P. Dubbeld of St. Petersburg, Florida file a notice of appearance in the Manatee County, Florida mortgage foreclosure case, case 2017 CA 3504.

9.     Never once prior to June 29, 2018 did Attorney Jon P. Dubbeld of St. Petersburg, Florida discuss potential settlement of the Manatee County, Florida mortgage foreclosure case, case 2017 CA 3504 with Attorney John P. Fleck, Jr. of Bradenton, Florida.

10.    Never once prior to June 29, 2018 did Attorney Jon P. Dubbeld of St. Petersburg, Florida discuss a potential short sale of the homestead real property in the Manatee County, Florida mortgage foreclosure case, case 2017 CA 3504 with Attorney John P. Fleck, Jr. of Bradenton, Florida.

11.    Never once prior to June 29, 2018 did Attorney Jon P. Dubbeld of St. Petersburg, Florida obtain approval from Attorney John P. Fleck, Jr. of Bradenton, Florida to settle the Manatee County, Florida mortgage foreclosure case, case 2017 CA 3504.

12.    Attorney Jon P. Dubbeld of St. Petersburg, Florida has attempted to charge Mr. Thomas Applegate $1,500.00 for "negotiating Short Sale" on a Manatee County mortgage foreclosure case in which he was not an attorney of record.

13.    Attorney Jon P. Dubbeld of St. Petersburg, Florida has attempted to charge Thomas Applegate $1,500.00 for "negotiating Short Sale" on a Manatee County mortgage foreclosure case for which he did not have an employment contract concerning the mortgage foreclosure case.

14.     Attorney Emily Y. Rottman and Attorney Sara F. Holladay-Tobias of McGuireWoods LLP are additional attorneys in the Manatee County, Florida mortgage foreclosure case, case 2017 CA 3504.

15.     Attorney Jarret Berford of Brock & Scott is listed as the main attorney of record in the Manatee County, Florida mortgage foreclosure case, case 2017 CA 3504.

16.     Attorney Emily Y. Rottman and/or Attorney Sara F. Holladay-Tobias of McGuireWoods LLP never once prior to June 29, 2018 discussed the potential settlement of the Manatee County, Florida mortgage foreclosure case, case 2017 CA 3504 along with the federal case with Attorney John P. Fleck, Jr. of Bradenton, Florida.

17.     Attorney Emily Y. Rottman and/or Attorney Sara F. Holladay-Tobias of McGuireWoods LLP never once prior to June 29, 2018 discussed the short sale of the homestead real property in the Manatee County, Florida mortgage foreclosure case, case 2017 CA 3504 along with the federal case with Attorney John P. Fleck, Jr. of Bradenton, Florida.

18.     Attorney Emily Y. Rottman and/or Attorney Sara F. Holladay-Tobias of McGuireWoods LLP never once prior to June 29, 2018 obtained any approval to settle the Manatee County, Florida mortgage foreclosure case, case 2017 CA 3504 from Attorney John P. Fleck, Jr. of Bradenton, Florida.

19.     Attorney Emily Y. Rottman and/or Attorney Sara F. Holladay-Tobias used the third-party Jon P. Dubbeld to circumvent the Florida Bar rule that attorneys may not communicate with a person represented by counsel. Jon P. Dubbeld was not the attorney of record for Mr. Thomas Applegate in the Manatee County mortgage foreclosure case.

20.     Attorney Jarret Berford of Brock & Scott never once prior to June 29, 2018 obtained approval to settle the Manatee County, Florida mortgage foreclosure case, case 2017 CA 3504 from Attorney John P. Fleck, Jr. of Bradenton, Florida.

21.     The defendant's motion to approve and enforce settlement agreement in part on page 2 alleged, "On May 3, 2018, the Parties reached a settlement in principle as to this matter (the "Federal Lawsuit") and a related state court foreclosure action, captioned as Deutsche Bank National Trust Company, as Trustee for Ameriquest MTG Securities, Inc., Asset-Backed Pass-Through Certificates, Series 2003-13 v. Thomas Applegate, et al., 2017-CA-3504, 12th Judicial Circuit, in and for Manatee County Florida (the "Foreclosure Lawsuit") following significant negotiations that took place via telephone and email over the course of seven (7) months."

22.     The defendant appears to have used the wording "et al." after the name of Thomas Applegate instead of naming the other defendants.

23.     One of the other defendants in the Manatee County, Florida mortgage foreclosure case, case 2017 CA 3504 was Mr. Thomas Applegate's wife, Mrs. Linda Applegate.

24.     Any matters involving the settling of the Manatee County, Florida mortgage foreclosure case, case 2017 CA 3504 that potentially affected the ownership and/or title to the jointly owned homestead real property had to have the consent and the approval of Mrs. Linda Applegate.

25.     Mrs. Linda Applegate never approved the alleged proposed settlement.

26.     Mr. Thomas Applegate indicated to Attorney John P. Fleck, Jr. that he would never have knowingly settled the federal case upon the adverse terms as contained in the alleged federal confidential settlement and release settlement agreement.

27.     Attorney John P. Fleck, Jr. would never have agreed to have Mr. Thomas Applegate and Mrs. Linda Applegate approve the adverse terms as contained in the alleged federal confidential settlement and release agreement.

28.     Attorney John P. Fleck, Jr. would never have agreed to settle the Manatee County mortgage foreclosure case on the adverse terms as contained in the alleged federal confidential settlement and release agreement.

29.     The verified complaint for foreclosure of mortgage in the Manatee County, Florida mortgage foreclosure case, case 2017 CA 3504 in paragraph 12 alleged in part that, "The Property is now owned by Defendant(s), Thomas Applegate and Linda Applegate a/k/a Linda K. Rose Applegate, husband and wife, and the record legal title to said mortgage property is now vested in Defendant(s) Thomas Applegate and Linda Applegate a/k/a Linda K. Rose Applegate, husband and wife."

30.     Attorney John P. Fleck, Jr. of Bradenton, Florida was the attorney for Mrs. Linda Applegate in the Manatee County, Florida mortgage foreclosure case, case 2017 CA 3504 since 09/05/2017.

31.     Attorney Jon P. Dubbeld of St. Petersburg, Florida was never the attorney for Mrs. Linda Applegate in the Manatee County, Florida mortgage foreclosure case, case 2017 CA 3504.

6

32.     Attorney John P. Fleck, Jr. of Bradenton, Florida never participated in any settlement negotiations in the federal court case.

33.     Attorney John P. Fleck, Jr. of Bradenton, Florida never participated in any settlement negotiations in the Manatee County, Florida mortgage foreclosure case, case 2017 CA 3504 in relation to a short sale.

34.     Attorney John P. Fleck, Jr. of Bradenton, Florida was never consulted by any other attorneys prior to June 29, 2018 as to any potential settlement agreement in relation to a short sale.

35.     Attorney John P. Fleck, Jr. of Bradenton, Florida never agreed to any potential settlement agreement.

36.     The subject real property in the Manatee County, Florida mortgage foreclosure case, case 2017 CA 3504 is the homestead real property owned by Mr. Thomas Applegate and Mrs. Linda Applegate, husband and wife.

37.     The federal court case's alleged settlement and release agreement materially affected the title and ownership of the homestead real property in the Manatee County, Florida mortgage foreclosure case, case 2017 CA 3504.

38.     The federal court case's alleged settlement and release agreement materially affected the ownership and possessory interests of Mrs. Linda Applegate in the homestead real property mortgage in the Manatee County, Florida mortgage foreclosure case, case 2017 CA 3504.

39.    On July 02, 2018, Mr. Thomas Applegate informed his attorney John P. Fleck, Jr. that he did not agree to all the terms contained in the alleged confidential settlement and release agreement.

40.    On July 02, 2018, Mr. Thomas Applegate informed his attorney John P. Fleck, Jr. that he had not and that he would not agree to all the adverse terms contained in the alleged confidential settlement and release agreement.

41.    On July 02, 2018, Mr. Thomas Applegate informed his attorney John P. Fleck, Jr. that he did not authorize Attorney Jon P. Dubbeld of St. Petersburg, Florida to agree to all the adverse terms contained in the alleged confidential settlement and release agreement.

42.    The federal court case's alleged confidential settlement and release agreement materially affected the rights and the ownership interests of Mrs. Linda Applegate concerning the homestead real property mortgage in the Manatee County, Florida mortgage foreclosure case, case 2017 CA 3504.

43.    Linda Applegate never approved the alleged confidential settlement and release agreement.

44.    This federal court lacks jurisdiction over Mrs. Linda Applegate.

45.    This federal court lacks any jurisdiction over the subject homestead real property.

46.     The alleged settlement and release agreement is impossible to perform because the subject real property is homestead real property and is owned as husband and wife.

47.     This federal court lacks jurisdiction over the real property in the Manatee County, Florida mortgage foreclosure case, case 2017 CA 3504.

48.     The instant federal court in this instant case under the guise of enforcing an alleged settlement agreement may not affect the title to real property concerning persons not under the jurisdiction of the court and having not entered into the settlement agreement.

49.     Attorney Jon P. Dubbeld of St. Petersburg, Florida knew that he was not the attorney or record in the Manatee County, Florida mortgage foreclosure case, case 2017 CA 3504.

50.     Attorney Jon P. Dubbeld of St. Petersburg, Florida knew that he was not the attorney for Mr. Thomas Applegate in the Manatee County, Florida mortgage foreclosure case, case 2017 CA 3504.

51.     Attorney Jon P. Dubbeld of St. Petersburg, Florida knew that he was not the attorney for Mrs. Linda Applegate in the Manatee County, Florida mortgage foreclosure case, case 2017 CA 3504.

52.     Attorney Jon P. Dubbeld of St. Petersburg, Florida knew that he did not have an employment contract of any type with Mrs. Linda Applegate.

53.     Attorney Jon P. Dubbeld of St. Petersburg, Florida knew that he did not have an employment contract for the mortgage foreclosure case with Mr. Thomas Applegate.

54.     Attorney Jon P. Dubbeld of St. Petersburg, Florida knew that he did not have an employment contract for the mortgage foreclosure case with Mrs. Linda Applegate.

55.     Attorney Jon P. Dubbeld of St. Petersburg, Florida knew that prior to June 28, 2018 that he had never had any communication with Attorney John P. Fleck, Jr.

56.     The defendant's various legal counsel(s) in the federal court case and Attorney Jon P. Dubbeld of St. Petersburg, Florida knew that the named defendant in the federal case was not the same named plaintiff in the Manatee County, Florida mortgage foreclosure case, case 2017 CA 3504.

57.     The defendant's various legal counsel(s) in the federal court case and Attorney Jon P. Dubbeld of St. Petersburg, Florida knew that the named defendant in the federal case and the named plaintiff in the Manatee County, Florida mortgage foreclosure case 2017 CA 3504 were separate and distinct legal entities.

58.     The defendant's various legal counsel(s) in the federal court case and Attorney Jon P. Dubbeld of St. Petersburg, Florida knew or should have known that the potential legality of the proposed confidential settlement and release agreement was highly questionable for having a non-party to the instant federal court case (Deutsche Bank National Trust Company as Trustee) violate its fiduciary obligation as a trustee to accept a large financial loss from the alleged total amount due on the Applegate loan in order to materially benefit Ocwen Loan Servicing, LLC.

10

59.    The proposed confidential settlement and release agreement appears to have substantially financially benefited Ocwen Loan Servicing, LLC to the substantial financial detriment of those to whom the Applegate loan monies were allegedly owed.

60.    The attorneys for Ocwen Loan Servicing, LLC allegedly drafted a proposed confidential settlement and release agreement that appeared on its face to apparently benefit one client to the detriment of another client.

61.    As a servicer, Ocwen Loan Servicing, LLC owed a fiduciary duty to Deutsche Bank National Trust Company as Trustee.

62.    The proposed settlement and release agreement appeared on its face to greatly benefit Ocwen Loan Servicing, LLC to the severe financial detriment of Deutsche Bank National Trust Company as Trustee.

63.    Exhibit "A" to the defendant's motion to approve and enforce settlement agreement was the Declaration of attorney Emily Y. Rottman.

64.    Attorney Emily Y. Rottman appeared to have incorrectly used the meaning of words in her Declaration.

65.    In Paragraph 4 of the Declaration of attorney Emily Y. Rottman, the attorney stated in part, "On May 03, 2018, the parties reached a settlement in principle. The parties' global settlement would resolve both this action and the Foreclosure action. One of the settlement terms specifically negotiated for by Plaintiff Thomas Applegate ("Plaintiff") was a short payoff of his loan with Ocwen to be completed by June 22, 2018. The parties also contemplated and agreed to monetary terms for settlement of the instant federal action."

66.    The verified complaint for foreclosure of mortgage in the Manatee County, Florida mortgage foreclosure case, case 2017 CA 3504 in paragraph 6 stated, "Plaintiff is the holder of the Original Note secured by the Mortgage and is entitled to foreclose pursuant to Florida Statute 673.3011(1)"

67.    The verified complaint for foreclosure of mortgage in the Manatee County, Florida mortgage foreclosure case, case 2017 CA 3504 in paragraph 7 stated, "Ocwen Loan Servicing, LLC ("Ocwen") is the loan servicer for this particular loan. Plaintiff has delegated Ocwen the authority to service the loan on its behalf pursuant to a Limited Power of Attorney."

68.    Ocwen Loan Servicing, LLC ("Ocwen") is the individual corporate defendant in the instant federal case.

69. Deutsche Bank National Trust Company, as Trustee for Ameriquest Mortgage Securities, Inc., Asset-Backed Pass-Through Certificates, Series 2003-13 was not a party to the instant federal court case.

70.    Any monies owed by the defendant Ocwen Loan Servicing, LLC to the plaintiff Mr. Thomas Applegate for the defendant's alleged wrongful conduct must be legally paid by Ocwen Loan Servicing, LLC.

71.    Ocwen Loan Servicing, LLC was merely the alleged loan servicer in the Manatee County, Florida mortgage foreclosure case, case 2017 CA 3504.

72.     Ocwen Loan Servicing, LLC and Deutsche Bank National Trust Company, as Trustee for Ameriquest Mortgage Securities, Inc., Asset-Backed Pass-Through Certificates, Series 2003-13 were separate and distinct legal entities.

73.     Ocwen Loan Servicing, LLC and Deutsche Bank National Trust Company, as Trustee for Ameriquest Mortgage Securities, Inc., Asset-Backed Pass-Through Certificates, Series 2003-13 were separate legal entities for federal tax purposes.

74.     The plaintiff in the Manatee County, Florida mortgage foreclosure court case, case 2017 CA 3504 alleged that the owner of the promissory note was Deutsche Bank National Trust Company, as Trustee for Ameriquest Mortgage Securities, Inc., Asset-Backed Pass-Through Certificates, Series 2003-13.

75.     Contrary to what attorney Emily Y. Rottman declared, the loan was with Deutsche Bank National Trust Company, as Trustee for Ameriquest Mortgage Securities, Inc., Asset-Backed Pass-Through Certificates, Series 2003-13 not with Ocwen Loan Servicing, LLC.  Ocwen Loan Servicing, LLC was only the servicer.

76.     The proposed confidential settlement and release agreement appeared to create questionable tax consequences concerning Ocwen Loan Servicing, LLC and Deutsche Bank National Trust Company as Trustee.

77.     Any monies on the alleged loan are allegedly owed by Mr. Thomas Applegate to Deutsche Bank National Trust Company, as Trustee for Ameriquest MTG Securities, Inc., Asset-Backed Pass-Through Certificates, Series 2003-13.

78.     Any monies on the alleged loan are not actually allegedly owed by Mr. Thomas Applegate to Ocwen Loan Servicing, LLC.

79.     That was a major distinction with a substantial difference.

80.     In Paragraph 4 of the Declaration of Emily Y. Rottman, the attorney stated, "On May 03, 2018, the parties reached a settlement in principle. The parties' global settlement would resolve both this action and the Foreclosure action. One of the settlement terms specifically negotiated for by Plaintiff Thomas Applegate ("Plaintiff") was a short payoff of his loan with Owen to be completed by June 22, 2018."

81.     The distinction as to which legal entity the loan was owed was a critical distinction.

82.     Deutsche Bank National Trust Company, as Trustee for Ameriquest Mortgage Securities, Inc., Asset-Backed Pass-Through Certificates, Series 2003-13 was not a party to the instant federal court case.

83.     Linda Applegate was not a party to the instant federal court case in any form or manner.

84.     The potential federal corporate taxable income issues involving Ocwen Loan Servicing, LLC and Deutsche Bank National Trust Company made the potential confidential settlement and release agreement highly questionable and was an agreement that potentially exposed Mr. Thomas Applegate to future allegations of complicity.

85.     The potential federal tax deductions involving Ocwen Loan Servicing, LLC and Deutsche Bank National Trust Company concerning a settlement of a federal lawsuit for wrongful conduct which may or may not be deductible for federal tax purposes involved potential issues for purposes of federal income tax laws of structuring a settlement by which one corporation claimed income or loses to shift the financial

14

responsibilities for alleged wrongful conduct.

86. Moreover, this alleged settlement agreement appeared to be potentially structuring a substantial monetary benefit to Ocwen Loan Servicing, LLC in the federal court case to the financial detriment of Deutsche Bank National Trust Company, as Trustee for Ameriquest MTG Securities, Inc., Asset-Backed Pass-Through Certificates, Series 2003-13 in the settlement of the Manatee County, Florida mortgage foreclosure case, case 2017 CA 3504.

87. In Paragraph 8 of the Declaration of Emily Y. Rottman, the attorney stated in part, "On May 29, 2018, Plaintiff's counsel inquired whether the forgiven debt would need to be reported to the Internal Revenue Service ("IRS). I advised that I could not give tax advice."

88. In Paragraph 4 of the Declaration of Emily Y. Rottman, the attorney stated, "On May 03, 2018, the parties reached a settlement in principle. The parties' global settlement would resolve both this action and the Foreclosure action. One of the settlement terms specifically negotiated for by Plaintiff Thomas Applegate ("Plaintiff") was a short payoff of his loan with Owen to be completed by June 22, 2018."

89. Attorney Emily Y. Rottman knew that any loan monies were allegedly owed by Mr. Thomas Applegate to Deutsche Bank National Trust Company, as Trustee for Ameriquest MTG Securities, Inc., Asset-Backed Pass-Through Certificates, Series 2003-13 and were not actually owed to Ocwen Loan Servicing, LLC.

90.    The words by attorney Emily Y. Rottman concealed the potential issue that the alleged settlement agreement would potentially financially greatly benefit Ocwen Loan Servicing, LLC. in a smaller payout to Thomas Applegate to the substantial financial detriment of Deutsche Bank National Trust Company, as Trustee for Ameriquest MTG Securities, Inc., Asset-Backed Pass-Through Certificates, Series 2003-13 by the acceptance of a short mortgage payoff.

91.    Lost in the motion to enforce this alleged potential confidential settlement and release agreement were the issues concerning the rights of Mr. Thomas Applegate and Mrs. Linda Applegate as Husband and Wife, the affect upon the subject homestead real property owned as husband and wife, and the potential tax consequences on a joint husband and wife federal tax return.

92.    Moreover, attorney John P. Fleck, Jr. of Bradenton, Florida the attorney in the Manatee County, Florida mortgage foreclosure case, case 2017 CA 3504 did not negotiate, nor did he approve the alleged settlement agreement for a multitude of reasons, including but not limited to.

A. The alleged confidential settlement and release agreement involved the rights of a non-party to the federal case that being Deutsche Bank National Trust Company, as Trustee for Ameriquest Mortgage Securities, Inc., Asset-Backed Pass-Through Certificates, Series 2003-13.

B.    The alleged confidential settlement and release agreement involved the rights of a non-party to the federal court case that being Mrs. Linda Applegate.

C.      The alleged confidential and release settlement agreement may have been improperly structured to greatly benefit Ocwen Loan Servicing, LLC. in a smaller payout to Thomas Applegate to the substantial financial detriment of Deutsche Bank National Trust Company, as Trustee for Ameriquest Mortgage Securities, Inc., Asset-Backed Pass-Through Certificates, Series 2003-13 by the acceptance of a short payoff.

D.      Until, Attorney John P. Fleck, Jr. of Bradenton, Florida had written assurance from an expert tax counsel, an expert federal criminal defense counsel, and the Internal Revenue Service that the alleged confidential settlement and release agreement was lawful, he would not have even considered the alleged confidential and release settlement agreement.

E.      The alleged confidential and release settlement agreement was very detrimental to Mr. Thomas Applegate to the benefit of Ocwen Loan Servicing, LLC.

F.      The alleged confidential and release settlement agreement was substantially detrimental to Mr. Thomas Applegate and to the financial benefit of Attorney Jon P. Dubbeld in obtaining substantial attorney's fees.

G.      The alleged confidential and release settlement agreement was substantially detrimental to Mrs. Thomas Applegate.

93.     Neither party had executed the alleged confidential settlement and release agreement.

94.     Neither party had begun performance of the alleged confidential settlement and release agreement.

95.     Neither party had relied upon the alleged confidential settlement and release agreement in the mortgage foreclosure case.

96.     Neither party had acted as though the provisions of the alleged confidential settlement and release agreement were in full force and effect.

Wherefore, there are multiple factual and legal reasons why the defendant's motion to approve and enforce settlement agreement was without merit and should not be granted.

*/s/ John P. Fleck, Jr.*

John P. Fleck, Jr., Esquire
1111 Ninth Avenue West, Suite C
Bradenton, FL  34205
(941) 749-1832
manateecountylaw@aol.com
Attorney for Thomas Applegate
Florida Bar No. 355747

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true copy of the foregoing was filed with the Court using the CM/ECF system which will send notice of electronic filing to all attorneys of record on July 30, 2018.

/s/ John P. Fleck, Jr.

John P. Fleck, Jr., Esquire
1111 Ninth Avenue West, Suite C
Bradenton, FL  34205
(941) 749-1832
manateecountylaw@aol.com
Attorney for Thomas Applegate
Florida Bar No. 355747